FILED

2017 Nov-13  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BARRY J. WOOD, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.:** |
| **VELOCITY INVESTMENTS, LLC,** ) | |
| **a Corporation; GLOBAL CREDIT &** ) | |
| **COLLECTION CORPORATION, a** ) | |
| **Corporation; CONVERGENT** ) | |
| **OUTSOURCING, INC., a** ) | |
| **Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendants and states as follows:

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.     Defendant Velocity sued the Plaintiff for a debt Plaintiff did not owe and for which the statute of limitations had expired.

3.    The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

4.    This is the pattern of collection activity by Defendant Velocity in its collection lawsuits in Alabama.

5.    The Plaintiff won the lawsuit when Defendant Velocity filed a motion to dismiss the lawsuit with prejudice.

6.    But this did not stop the Defendants – they have continued to collect on this non existent debt.

## JURISDICTION

7.    Personal jurisdiction exists over Defendants as Defendants have the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

8.    Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

9.    Venue is proper as Defendants do business in this judicial district and Plaintiff lives in this judicial district.

## PARTIES

10.  Plaintiff Barry J. Wood (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.  Defendant Velocity Investment, LLC, ("Defendant" or "Velocity[1]") is a foreign debt collection firm that engages in the principal business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business in New Jersey.  Upon information and belief, any and all members of the LLC are citizens of Delaware and/or New Jersey.

12.  Defendant Global Credit & Collection Corporation, ("Defendant" or "Global[2]") is a foreign debt collection firm that engages in the principal business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business in Michigan.  Upon information and belief, any and all members of the LLC are citizens of Delaware and/or Michigan.

---

[1] "Velocity Investments, LLC" means Velocity directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, or otherwise took any collection action against Plaintiff.

[2] "Global Credit & Collection Corporation" means Global directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

13.    Defendant Convergent Outsourcing, Inc., ("Defendant" or "Convergent[3]") is a foreign debt collection firm that engages in the principal business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Washington and has its principal place of business in Washington.  Upon information and belief, any and all members of the LLC are citizens of Washington.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

14.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

15.    Congress recognized that there are four social ills caused by abusive debt collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

16.    Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

17.    15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

     (a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.

---

[3] "Convergent Outsourcing, Inc." means Convergent directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## Facts Before The Collection Lawsuit Was Filed

18.  Plaintiff purchased a 2003 Ford Expedition from Southern Motors, Inc.

19.   Defendant Velocity claims the debt was not paid and that ultimately it purchased the debt.

## The Circuit Court Collection Lawsuit

20.  On January 20, 2016, Defendant Velocity sued Plaintiff in the Circuit Court of Shelby County, Alabama, with a case number of CV-2016-900054.

21.  In this suit, Defendant Velocity asserted it was the owner of a certain debt allegedly owed by Plaintiff.

5

22.   Defendant Velocity alleged Plaintiff owed Velocity $9,784.51.

23.   Defendant Velocity also claimed court costs and attorney fees.

24.   Defendant Velocity claimed Plaintiff did business with Defendant Velocity.

25.   Defendant knows that Plaintiff has never done business with Defendant.

26.   The Complaint alleges Plaintiff gave Defendant Velocity a security interest in the vehicle which is false.

27.   The Complaint alleges Defendant Velocity declared the loan in default which is false.

28.   The Complaint alleges Defendant Velocity repossessed the vehicle which is false.

29.   The Complaint alleges Defendant Velocity sold the vehicle which is false.

30.   Attached to the Complaint was a false document entitled "Assignment Case Cover Sheet."

31.   The stated purpose of the Assignment Case Cover Sheet was "to obtain a default judgment in the above-styled case."

32.   As merely one example of false representations, the Assignment Case Cover Sheet lacks the alleged purchase agreements from Santander to Cascade to Defendant Velocity despite saying it was including all assignments.

33.   This lawsuit, and the other Alabama lawsuits filed by Defendant Velocity every year, was filed with the intention of getting settlements from pro se

consumers and default judgments on debts that Defendant Velocity cannot and will not prove it has any right to collect on.

34.   Defendant Velocity knew or should have known the statute of limitations had expired and the suit was improper.

35.   Even if the debt was ever owed to some entity or even down the line to "Velocity," it was owed more than four (4) years before suit was filed.

36.   The contract that created the alleged debt is for the sale of a good.

37.   In this case, it was for a vehicle.

38.   The seller was Southtown Motors, Inc.

39.   Plaintiff was the buyer.

40.   The Uniform Commercial Code, as set forth in Alabama Code § 7-2-725, clearly states the statute of limitations is 4 years on a sale of a good.

41.   This means the collection lawsuit, even had it been brought by a company that owned the debt, must have been brought at least by 2015 as the car was repossessed in 2011.

42.   Instead, the collection suit was brought in January of 2016.

43.   Velocity knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

44.   Another intention of Defendant Velocity was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

45.   Defendant Velocity knew Plaintiff did not owe the debt sued on to Defendant Velocity.

46.   Defendant Velocity made misrepresentations and false statements in the lawsuit including that a debt was owed – Plaintiff owed none to Defendant Velocity.

47.   Defendant Velocity misrepresented the amount owed when Plaintiff owed Defendant Velocity nothing on this account.

48.   Defendant Velocity misrepresented the legal status of the debt as being owed when Plaintiffs owed nothing to Velocity.

49.   Defendant Velocity misrepresented that Defendant Velocity had standing and the right to bring the lawsuit when Defendant Velocity did not have standing and did not have the right to bring the lawsuit.

50.   Defendant Velocity did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

51.   Defendant Velocity did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

52.   This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant Velocity in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

## Plaintiff Answers The Velocity Lawsuit

53.   Plaintiff did not and does not owe the debt to Velocity.

54.   Plaintiff filed an Answer denying the allegations of Defendant Velocity.

55.   The Answer was filed on February 25, 2016f.

56.   Defendant Velocity received a copy of this denial.

57.   Defendant Velocity understood that Plaintiff was refusing to pay on this debt.

58.   Defendant Velocity understood that Plaintiff disputed this debt.

59.   Defendant Velocity knew Plaintiff did not owe this debt.

60.   Defendant Velocity made a conscious choice to continue to allow the lawsuit to move forward even though Defendant Velocity knew that there was no merit to the case, but Defendant Velocity sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant Velocity.

61.   Defendant Velocity had no witnesses or evidence to offer at trial and it knew this when it filed the lawsuit and at all times leading up to its Motion to Dismiss on November 11, 2016.

### Velocity Files A Motion To Dismiss The Lawsuit With Prejudice

62.   Defendant Velocity realized that Plaintiffs were willing to fight this case and that Plaintiff had counsel representing them.

63.   Defendant Velocity knew that with its intention to never prove the case, with represented Plaintiff and with an inability to respond to discovery without revealing the case was filed without merit, it must dismiss the case.

64.   Defendant Velocity filed a Motion to Dismiss with Prejudice.

### Velocity Loses The Collection Case

65.   On November 13, 2016, Circuit Court Judge Lara M. Alvis entered an Order dismissing the case with prejudice.

66.   This ended the case Defendant Velocity filed against Plaintiff.

67.   No appeal or post judgment motion was filed.

68.   The adjudication on the merits is final and against Defendant Velocity.

### After The Present Lawsuit Was Filed, Collection Activities Continued Against Plaintiff by Velocity, Global Credit and Convergent

69.   At some point after losing the case, Velocity directly or indirectly sent the non existent debt to Defendant Global Credit and Convergent.

10

70. Either Velocity did this directly by sending it directly to Global Credit or to Convergent.

71. Or Velocity sent the account through an intermediary collection company whose identity will be uncovered in discovery.

72. Regardless, the intention of Velocity is clear – it wanted collection activity to begin against Plaintiff at some point after losing the collection case.

73. Here are merely some examples of the collection activity in the last twelve months after Velocity lost the case.

74. Plaintiff has received calls and letters from companies including Defendants Global Credit and Convergent

75. These companies are collecting on the exact debt that was the subject of the lawsuit dismissed with prejudice.

76. Global Credit and Convergent knew Plaintiff owed no debt to Velocity or to Santander or anyone else that Global Credit and Covnergent were collecting on behalf of.

77. Even though Global Credit and Convergent knew from their own sources, and from Velocity, that Plaintiff owed no debt, they continued to collect.

78. Global Credit and Convergent went to Velocity and Velocity told them to continue to collect against Plaintiff.

79. Alternatively, Global Credit and Convergent decided intentionally not to go to Velocity but instead decided to continue to collect.

80. All collection activity engaged in by Global Credit and by Convergent was on behalf of and in the line and scope of their agency relationships with Velocity.

81. Velocity approved of each and every collection activity by Global Credit and Convergent.

82. Velocity is responsible for all acts of Global Credit and Convergent and any other collection agency or debt buyer that has collected against Plaintiff.

## Additional Factual Allegations Against Defendants

83. All Defendants have collected against Plaintiff when Plaintiff did not owe any money to Defendants Velocity, Global Credit and Convergent on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone, including Plaintiff.

84. Defendants Velocity, Global Credit and Convergent have misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

85. Defendants Velocity, Global Credit and Convergent have misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

86.     Defendants Velocity, Global Credit and Convergent have taken action they know is illegal including suing on a debt they knew Plaintiff did not owe, suing before validating the debt, suing after the statute of limitations has expired, allowing the case to remain pending on a debt it does not own and that Plaintiff does not owe to Defendant Velocity, and collecting after losing the collection case (whether by letter, call, credit reporting or any other collection method).

87.     Defendants Velocity, Global Credit and Convergent knew that by their conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant Velocity did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by misrepresenting numerous facts in the lawsuit, and by all other wrongful acts described in this Complaint, especially those acts occurring after the lawsuit was dismissed with prejudice.

88.     The debt being collected is a consumer debt as defined by the FDCPA.

89.     Plaintiff is a "consumer" as defined by the FDCPA.

90.    Defendant Velocity is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Velocity.

91.    Defendant Global Credit is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Global Credit.

92.    Defendant Convergent is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant Convergent.

93.    Defendant Velocity has full knowledge of what it is doing by filing bogus lawsuits– it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant Velocity has no right to take under state law and under the FDCPA.

94.    Defendant Velocity knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debt being sued upon.

95.    Defendant Velocity knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant Velocity does not own which Defendant Velocity knows is not allowed in Alabama.

96.    Defendant Velocity is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

97.    This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

98.    Defendant Velocity knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls and sending collection letters,) to obtain money from Alabama consumers who do not owe the money to Defendant Velocity.

99.    The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

100. It is a practice of the Defendants Velocity, Global Credit and Convergent to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

101. All actions taken by employees, agents, servants, or representatives of any type for the Defendants Velocity, Global Credit and Convergent were taken in the line and scope of such individuals' employment, agency or representation.

102. At no time have Defendants Velocity, Global Credit and Convergent told or implied to Plaintiff that any conduct by any agent or employee of Defendants Velocity, Global Credit and Convergent was outside the line and scope of such employment or agency.

103. At all times Defendants have acted as agents for each other and all actions have been in the line and scope of any agency agreement between the Defendants.

104. This includes collection counsel for Defendant Velocity who in all ways conducted themselves in the line and scope of their agency and representation of Defendant Velocity.

105. All actions taken by the Defendants Velocity, Global Credit and Convergent were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would

very likely harm Plaintiff sand/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA and/or state law.

106. Defendants Velocity, Global Credit and Convergent have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendants Velocity, Global Credit and Convergent are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants Velocity, Global Credit and Convergent and similar companies.

107. Defendants Velocity, Global Credit and Convergent are liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

108. At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, have Defendants Velocity, Global Credit and Convergent directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described

in this Complaint, which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(a)(2)

109.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

110.   Section 1692c(a)(2) prohibits any debt collector from communicating with a consumer, "[I]f the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

111.   Defendants knew Plaintiff was represented by counsel as early as February 25, 2016, when Plaintiff Wood answered the Velocity state court action.

112.   Defendants Velocity, Global Credit and Convergent violated Section 1692c by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

113.  The conduct of the Defendants Velocity, Global Credit and Convergent has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

114.  Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

115.  Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

116.  Defendants Velocity, Global Credit and Convergent violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

117.  The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

118. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

119. Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

120. Defendants Velocity, Global Credit and Convergent violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

121. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

122. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

123.   Section 1692e(2) states, "The false representation of the character, amount, or legal status of any debt;"

124.   Defendants Velocity, Global Credit and Convergent violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

125.   The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

126.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

127.   Section 1692e(10) states, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

128.   Defendants Velocity, Global Credit and Convergent violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

129. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

130. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

131. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

132. Defendants Velocity, Global Credit and Convergent violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

133. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

22

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

134. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

135. Section 1692f(1) states, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

136. Defendants Velocity, Global Credit and Convergent violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-6, 10-13, and 18-108.

137. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

138. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

139. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Velocity violated Alabama state law as described in this Complaint in paragraphs 1-6, 10-13, and 18-108.

140. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

141. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

142. Defendants Velocity, Global Credit and Convergent intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the

solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

143. Defendants Velocity, Global Credit and Convergent intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

144. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

145. The conduct of Defendants Velocity, Global Credit and Convergent, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Velocity which occurred in a way that would be highly offensive to a reasonable person in that position.

146. This conduct includes the filing of a public lawsuit against Plaintiff.

147. A public lawsuit that has no merit and Defendant Velocity knew at the time it filed the lawsuit that it had no merit.

148. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendants Velocity, Global Credit

and Convergent in their campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

149. The conduct of the Defendants Velocity, Global Credit and Convergent has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

150. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants Velocity, Global Credit and Convergent.

151. All acts of Defendants Velocity, Global Credit and Convergent were committed with malice, intent, wantonness, and/or recklessness and as such Defendants Velocity, Global Credit and Convergent are subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

152. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

153. Defendants Velocity, Global Credit and Convergent collectors are allowed and encouraged to break state law in order to collect debts.

154. This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-108 and the paragraphs in this Count.

155. Defendants Velocity, Global Credit and Convergent are aware of the wrongful conduct of its collectors.

156. Defendants negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants Velocity, Global Credit and Convergent are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

157. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

### COUNT X.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

158. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

159. Defendants Velocity, Global Credit and Convergent collectors are allowed and encouraged to break state law in order to collect debts.

160.   This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-108 and the paragraphs in this Count.

161.   Defendants Velocity, Global Credit and Convergent are aware of the wrongful conduct of its collectors.

162.   Defendants Velocity, Global Credit and Convergent wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff and Defendants Velocity, Global Credit and Convergent are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

163.   The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

164.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

165.   Defendants Velocity, Global Credit and Convergent collectors are allowed and encouraged to break state law in order to collect debts.

166. This includes all of the violations of the law described in this Complaint in paragraphs 1-6, 10-13, and 18-108 and the paragraphs in this Count.

167. Defendants Velocity, Global Credit and Convergent are aware of the wrongful conduct of its collectors.

168. Defendants Velocity, Global Credit and Convergent intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants Velocity, Global Credit and Convergent are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

169. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

170. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

171. Defendants Velocity, Global Credit and Convergent had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

172. Defendants Velocity, Global Credit and Convergent had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

173. Defendants Velocity, Global Credit and Convergent acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-6, 10-13, and 18-108 and the paragraphs in this Count.

174. Defendants Velocity, Global Credit and Convergent violated all of the duties Defendants Velocity, Global Credit and Convergent had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

175. It was foreseeable, and Defendants Velocity, Global Credit and Convergent did in fact foresee it, the each and every action of Defendants Velocity, Global Credit and Convergent would lead and did lead to the exact type of harm suffered by Plaintiff.

176. The conduct of the Defendants Velocity, Global Credit and Convergent have proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT VELOCITY

177. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

178. Defendant Velocity instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant Velocity the debt sued upon.

179. Defendant Velocity continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant Velocity the debt sued upon.

180. Defendant Velocity filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit. While this failed, the attempt by Defendant Velocity shows the malice against Plaintiff.

181. Defendant Velocity instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiffs to pay Defendant Velocity money on a non-existent debt.

182. The malicious plan of Defendant Velocity included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and

the Defendant Velocity tried to accomplish this by the Defendant Velocity's malicious and abusive actions.

183. Throughout the entire illegal lawsuit against Plaintiff, Defendant Velocity knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Velocity knew it was not entitled to receive.

184. The litigation against Plaintiff filed by Defendant Velocity eventually resulted in adjudication in favor of Plaintiff on November 13, 2016.

185. The illegal and improper actions of the Defendant Velocity constitutes malicious prosecution and this cause of action is supported by paragraphs 1-6, 10-13, and 18-108 of the Complaint and the paragraphs in this Count.

186. This is the pattern and practice of Defendant Velocity – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Velocity.

187. The conduct of the Defendant Velocity has proximately caused Plaintiff past and future monetary loss, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants Velocity, Global Credit and Convergent for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 facsimile
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

Please serve Defendants at the below listed addresses:

Velocity Investments, LLC
c/o CSC Lawyers Incorporating Srv Inc
150 S. Perry Street
Montgomery, Alabama 36104

Global Credit & Collection Corporation
c/o The Corporation Company
40600 Ann Arbor Road E, Suite 201
Plymouth, MI 48170

Convergent Outsourcing, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104